# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2022

Lyle W. Cayce
Clerk

No. 22-20327
Summary Calendar

———

Sandy Carter,

*Plaintiff—Appellant*,

*versus*

PennyMac Loan Services, L.L.C.,

*Defendant—Appellee*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3216

———

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Sandy Carter obtained a mortgage loan that granted a lien against a property that she owned in Houston, Texas. PennyMac Loan Services, LLC owned and serviced the loan. After Carter defaulted on the loan, PennyMac initiated foreclosure proceedings and sold the property at auction. A few years later, Carter sued PennyMac in Texas state court. She asserted two

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

causes of action: negligence and wrongful foreclosure. Carter argued that the foreclosure was wrongful both because there was "no default" and because the property sold "for a price far below its appraised value." PennyMac removed to federal court based on diversity of citizenship. The district court granted summary judgment for PennyMac, and it ordered that Carter take nothing on her claims.

In her sole issue on appeal, Carter argues that the district court ignored fact issues and thus erred "by granting summary judgment with respect to [her] wrongful foreclosure claim based on 'no default' at the time of foreclosure." We disagree. "The three elements of wrongful foreclosure . . . are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing *Charter Nat'l Bank—Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). The district court concluded that the property "was not sold at an inadequate price." Because Carter does not challenge that holding, she cannot show that the district court erred by dismissing her claim for wrongful foreclosure.

Even if we were to view Carter's claim for "wrongful disclosure based on 'no default'" as a cause of action for recovery of title, or to set aside the foreclosure sale, she still could not succeed. "Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title . . . [following] a void foreclosure sale." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e) (citing *Willoughby v. Jones*, 251 S.W.2d 508 (Tex. 1952)). "The party asserting valid tender bears the burden of proving it." *Saravia v. Benson*, 433 S.W.3d 658, 663 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Here, undisputed evidence shows that Carter was (at least) delinquent when the foreclosure sale occurred. Carter did not present any evidence indicating

that she tendered the payments that were due when the foreclosure sale occurred, and thus there is no basis on which the district court could have "set[] aside the foreclosure sale." *Bauder v. Alegria*, 480 S.W.3d 92, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We AFFIRM.